RECEIVED

APR 1 0 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

TRACY WILLIAMS, TUTRIX OF AND FOR          **JURY TRIAL DEMANDED**

LADARIAN JACKSON

**Plaintiff,**                                    CASE NO. _____18cv486_____

V.

WARE YOUTH CENTER COUSHATTA,

RED RIVER PARISH, LOUISIANA,

DARQWIEZ MURPHY, RAYMOND LLOYD personally,

AND OTHER UNNAMED AND UNKNOWN INDIVIDUALS

**Defendants**

### COMPLAINT

 Plaintiff Ladarian Jackson, through his duly appointed Tutrix, Tracy Williams, appears

pro se, and for his complaint against Defendants Ware Youth Center (Ware), a political

subdivision of Louisiana created and established by Louisiana Revised Statutes 15:1097, et

seq., located in Coushatta, Red River Parish, Louisiana , John Doe(s) or unknown

individual or individuals operating as agents, employees or representatives of Defendant

Ware at the time of the acts, wrongs and unlawful conduct against Plaintiff, Ladarian

Jackson, as sued upon and referenced in this complaint; Darqwiez Murphy, an employee of

Defendant Ware at all times referenced and relevant to this complaint; Raymond Lloyd,

believed to be an administrative agent or employee of Defendant Ware;

states as follows:

1

## INTRODUCTION

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the applicable laws of the State of Louisiana, against Defendants Ware Youth Center (Ware), a political subdivision of Louisiana created and established by Louisiana Revised Statutes 15:1097, et seq., located in Coushatta, Red River Parish, Louisiana , John Doe(s) or unknown individual or individuals operating as agents, employees or representatives of Defendant Ware at the time of the acts, wrongs and unlawful conduct against Plaintiff, Ladarian Jackson, as sued upon and referenced in this complaint; Darqwiez Murphy, an employee of Defendant Ware at all times referenced and relevant to this complaint; Raymond Lloyd, believed to be an administrative agent or employee of Defendant Ware.

2. Plaintiff Ladarian Jackson, through his Tutrix, Tracy Williams, alleges that Defendant Darqwiez Murphy (Murphy) unreasonably, cruelly and unusually beat and knocked Plaintiff's head against a brick like wall and floor because Plaintiff complained about being commanded to use a stained bath towel that had been used to put around the base of a facility toilet to stop leaks for drying off with after taking a shower. Solely because Plaintiff Jackson refused to comply with this cruel and unusual demand, Murphy assaulted, battered, and injured him, in the presence of another guard, causing open wound bruises and great physical, mental and emotional injury to Plaintiff Jackson, without any just or lawful cause.  Plaintiff alleges that these acts by Defendant Murphy arise to the level of constitutional violations against Plaintiff Jackson, and were committed as a result of the actual policies, practices, and customs of the Defendant Ware Youth Center, Defendant

Ware is liable under the theory of respondeat superior for the torts and violations against Jackson committed by Defendants Murphy. Thereafter, and upon learning of the occurrence referenced in this paragraph, Tracy Williams (Williams), mother and duly appointed Tutrix of Plaintiff Jackson, contacted, consulted with and complained to Defendant, Raymond Lloyd (Lloyd), believed to be the Warden or head Administrator of the Ware facility in Coushatta. Lloyd informed Williams that he had reviewed the tapes of the incident, and that he felt he would press unspecified "charges" against Plaintiff Jackson if this type event occurred again. Although Williams and Plaintiff each requested to see the video tape of the occurrence, Defendant Lloyd refused.

3. Plaintiff Jackson also suffered mental and emotional complications for diagnosed ADHD, for which it was required he regularly take prescribed medication. Although Williams informed Lloyd and the nursing staff of Plaintiff Jackson's complaints of headaches and neck pain after the incident with Defendant Murphy, no medical attention was ever given to Plaintiff Jackson. This, Plaintiff believes, constitutes cruel and unusual punishment because Ware had a duty to investigate Plaintiff Jackson's condition after being informed of it and to give him the basic human care of someone in their custody and control.

JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over

Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. §1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This

Court has supplemental jurisdiction over plaintiff's causes of action arising under Louisiana state law pursuant to 28 U.S.C. § 1367.

4. Venue lies in the United States District Court for the Western District of Louisiana because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Coushatta, Red River Parish, Louisiana.  28 U.S.C. § 1391(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Plaintiff, Ladarian Jackson, and against all Defendants;

B. Enter an order declaring Defendant Darqwiez Murphy's conduct unconstitutional;

C. Award Plaintiff compensatory and punitive damages against Defendants;

D. Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Enter a permanent injunction, upon proper motion, requiring Defendant Ware Youth Center to adopt appropriate policies related to the hiring and supervision of its guards, medical staff, and other agents, employees and representatives; and

F. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the

United States, as to all claims for damages.

Respectfully submitted,

*Tracy Williams*

Tracy Williams, for Ladarian Jackson

1015 Sixth Street

Natchitoches, Louisiana 71457

(318) 214-6082

Verification

STATE OF LOUISIANA

PARISH OF NATCHITOCHES

Before me, undersigned notary public in and for Natchitoches Parish Louisiana, personally came and appeared Tracy Williams, to me made known, who, after being first duly sworn deposed and said:

I, Tracy Williams, have read the foregoing complaint on behalf of Ladarian Jackson, and all of the facts contained therein are true and correct to the best of my knowledge and information.

Signed:  _____

THUS DONE AND SIGNED BEFORE ME, NOTARY, ON THIS 10TH day of April, 2018.

Ann M. Wilkerson
Notary Public ID # 43237
State of Louisiana
Natchitoches Parish
Commission is for Life

_____          _____
Notary Public                                                    Print Notary's Name

5