b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRACY WILLIAMS, TUTRIX OF AND FOR LADARIAN JACKSON | CIVIL ACTION 1:18-CV-00486 |
| VERSUS | JUDGE DRELL |
| WARE YOUTH CENTER COUSHATTA, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMENDATION

Defendants Ware Youth Center ("Ware"), Darqwiez Murphy ("Murphy"), and Raymond Lloyd ("Lloyd") filed a Motion to Dismiss for Insufficiency of Service, Improper Venue, and Lack of Standing and, alternatively, a Motion for a More Definite Statement (Doc. 7). Because service was effected by the United States Marshal's Service ("USMS"), Defendants' Motion to Dismiss (Doc. 7) for lack of proper served should be denied, the Motion to Dismiss for improper venue should be denied, and the Motion to Dismiss for lack of standing should be granted as to Williams. However, Defendants' alternative request to transfer venue to the Shreveport Division (Doc. 7) should be granted.

I. **Background**

Plaintiff Ladarian Jackson ("Jackson"), through his appointed tutrix, Tracy Williams ("Williams"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, *in forma pauperis*. The named defendants are Ware (a juvenile detention center and group home located in Coushatta, Red River Parish, Louisiana), unknown

John Does employed at Ware, Murphy (employed at Ware), and Lloyd (a warden, administrative agent, or employee of Ware).

Jackson contends that, when he was confined in Ware,[1] he was beaten and injured by Murphy in the presence of another guard. Jackson contends he sustained "open wound bruises," and mental and emotional injuries. Jackson contends Ware, as Murphy's employer, is liable for the injuries caused by Murphy under the theory of *respondeat superior*. Jackson contends that Williams complained to Lloyd about Jackson's injuries. Lloyd told Williams he had reviewed the video tapes of the incident and would "press unspecified 'charges' against Plaintiff Jackson if this type event occurred again." Lloyd refused to allow Williams or Jackson to view the videotape. Jackson further contends he was denied medical care for his resulting headaches and neck pain. Plaintiff seeks monetary damages (including punitive damages), attorney's fees, costs, and injunctive relief.

Defendants Ware, Murphy, and Lloyd filed a Motion to Dismiss (Doc. 7), alleging: (1) improper service; (2) improper venue; and (3) that Williams lacks standing to file suit on behalf of Jackson. Defendants also move for a more definite statement and a transfer to the Shreveport Division (Doc. 7).

Counsel then enrolled for Plaintiff and filed a "Motion to Amend Complaint and Transfer Venue" (Doc. 19).

---

[1] According to the Amended Complaint (Doc. 19-2) (to which Defendants have not consented) the event described in the Complaint took place in February 2016.

II.    Law and Analysis

    A.    Service of process on Defendants by the USMS was sufficient.

First, Defendants contend the complaint should be dismissed for failure to effect sufficient service of process. Defendants contend they became aware of this suit when "the summons and an unsigned, unverified copy of the complaint" were addressed only to the "Ware Youth Center" and delivered by certified mail (Doc. 7-1). Defendants complain that Fed. R. Civ. P. 4(j)(2)[2] was not complied with.

Where a *pro se* litigant proceeding *in forma pauperis* timely and correctly requests service by the USMS, and the defendant has actual notice of the suit, the interests of justice are best served by allowing the litigants to rely upon the service ultimately effected by the USMS, even if it is untimely or improper. See Rochon v. Dawson, 828 F.2d 1107, 1109 (5th Cir. 1987) (citing Romandette v. Weetabix Co., Inc., 807 F.2d 309 (2d Cir. 1986)); see also Lindsey v. U.S.R.R. Retirement Bd., 101 F.3d 444 (5th Cir. 1996); Byrd v. Stone, 94 F.3d 217 (5th Cir. 1996). Where there is no prejudice to the defendant, the plaintiff should not be penalized for the failure of the USMS to properly effect service of process where such failure is through no fault of the plaintiff. See Lee v. Henderson, 75 F.Supp.2d 591, 595 (E.D. Tex. 1999) (citing Rochon); see also Triplett v. LeBlanc, 642 Fed. Appx. 457, 460 (5th Cir. 2016), cert.

---

[2] Rule 4(j)(2) states:
    (j) Serving a Foreign, State, or Local Government.
        (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
            (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
            (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

den., 137 S.Ct. 192 (U.S. 2018); Flander v. Kforce, Inc., 526 Fed. Appx. 364, 368 (5th Cir. 2013); Hurlburt v. Zaunbrecher, 169 F.R.D. 258, 259 (N.D.N.Y. 1996). As the court in Hurlburt stated, "[R]equiring the Marshal's Service to personally serve defendants who admit to having actual notice of the case against them is the ultimate in exalting form over substance" and amounts to a "dog in the manger" tactic. Hurlburt, 169 F.R.D. at 259. Moreover, "the Marshal's Service has limited manpower and resources available for serving process in *in forma pauperis* actions" and "it can barely keep up with the myriad requests it receives to serve defendants in such actions by mail. As a result, a coordinated effort by individuals who are frequently sued by IFP plaintiffs (for example, corrections officers) to demand service in strict compliance with Rule 4(e) could literally bring prisoner civil rights litigation to a standstill." Hurlburt, 169 F.R.D. at 259 n. 2.

Even if this Court were to order new service,[3] the USMS is required by this court to mail waiver of service forms to the defendants prior to personally serving defendants. If defendants do not waive service, defendants are assessed the costs of service. See Fed. R. Civ. P. 4(d).

This case involves a (then) *pro se* plaintiff who is proceeding *in forma pauperis* ("IFP") and who, under well-settled case law, is entitled to rely on the USMS to effect proper service. Defendants have not alleged prejudice or lack of notice arising from

---

[3] Fed. R. Civ. P. rule 4(m) permits a district court to enlarge the time for service even if there is no good cause shown. See Henderson v. U.S., 517 U.S. 654, 658 n.5 (1996). If good cause is shown, a court *must* extend the time for service. If good cause is not shown, a court *may*, in its discretion, extend the time for service. See Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). In Henderson, the Supreme Court explained that Rule 4(m) states that complaints are not to be dismissed if served within 120 days or within such additional time as the court may allow. See Henderson, 517 U.S. at 663.

4

improper service. Therefore, Defendants' motion to dismiss for failure to effect proper service (Doc. 7) should be denied.

B. <u>Defendants' Motion to Transfer Venue should be granted.</u>

Defendants contend this case should be dismissed or transferred to the Shreveport Division due to improper venue. It is noted that, in their Motion to Transfer Venue,[4] Plaintiffs consent to have the case transferred to the Shreveport Division (Doc. 19-1).

For the convenience of the parties and the witnesses, and in the interest of justice, a case may be transferred to any district or division in which it could initially have been brought or to which all parties consent, 28 U.S.C. § 1404(a), or to any place in the division in which it is pending, 28 U.S.C. § 1404(c). A case may be transferred upon a motion or *sua sponte*. A district court has broad discretion in deciding whether to order a transfer. See <u>Caldwell v. Palmetto State Sav. Bank</u>, 811 F.2d 916, 919 (5th Cir. 1987); <u>see also</u> <u>Mays v. Yusuff</u>, 214 F.3d 1350, *2 (5th Cir. 2000), cert. den., 531 U.S. 859 (2000). A civil action may be brought in a judicial district in which any defendant resides, a judicial district in which a substantial part of the events giving rise to the claim occurred, or any judicial district in which any defendant is subject to the court's personal jurisdiction for that action, if there is no district in which the action may otherwise be brought. <u>See</u> 28 U.S.C. § 1391(b).

Defendants argue the case should be transferred rather than dismissed. Defendants show that Ware is in Red River Parish, which is within the Shreveport

---

[4] Although Defendants' Motion to Dismiss or Transfer Venue (Doc. 7) was referred to the undersigned, Plaintiff's Motion to Transfer Venue (Doc. 19) has not been referred.

5

Division. The event took place at Ware, Defendants Murphy and Lloyd are employed at Ware, and potential witnesses and evidence are located at Ware. Plaintiff Jackson consents to transferring the case to the Shreveport Division (Doc. 19).

Since all parties agree the case should be heard in the Shreveport Division for the convenience of the parties and witnesses, Defendants' Motion to Transfer Venue (Docs. 7, 19) should be granted.

### C. Defendants' Motion to Dismiss for Lack of Standing should be granted as to Williams.

Defendants contend Williams did not have standing to file the complaint on behalf of Jackson because Jackson was 18 years old at the time it was filed.[5] Williams argues that Jackson was a minor when the event took place. Williams further contends she now has Power of Attorney and has employed an attorney for Jackson.

The original complaint was signed by Tracy Williams, on behalf of Jackson, on April 10, 2018 (Doc. 1). Williams was granted a Power of Attorney to act as Jackson's agent in this matter on November 28, 2018. On December 21, 2018, counsel for Jackson filed a Motion to Amend the Complaint to show (among other things) that Williams now has Power of Attorney (Doc. 19-3).

A non-attorney may not represent another individual in federal court, even if authorized to act on that individual's behalf in legal matters under a power of attorney. See Speed v. America's Wholesale Lender, 2014 WL 4755485, *2-3 (N.D. Tex. 2014) (citing Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other

---

[5] Jackson's date of birth is not provided, so it is unclear when he attained 18 years and his cause of action accrued.

6

paper must be signed by at least one attorney or record in the attorney's name–or by a party personally if the party is unrepresented")). A power of attorney may confer certain decision-making authority under state law, but it does not permit a person to represent another *pro se* in federal court. See Williams v. United States, 477 Fed. Appx. 9, 11 (3d Cir. 2012); see also Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978). "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." See 28 U.S.C. § 1654.

In the absence of a statute expressly conferring standing, federal plaintiffs must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction. See Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973). The constitutional minimum of standing has three requirements: (1) the plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); see also Three Expo Events, L.L.C. v. City of Dallas, Texas, 907 F.3d 333, 341 (5th Cir. 2018).

Williams is not named as a plaintiff in this action, nor has she alleged any damage or injury caused to her personally through the alleged injury to Jackson.[6] Therefore, Williams does not have standing to prosecute this case. Defendants' Motion to Dismiss Williams as a plaintiff should be granted.

---

[6] Although Williams is Jackson's mother and he was a minor at the time of the event, Jackson was in the care and custody of the State of Louisiana at that time.

7

Since an attorney is now representing Jackson and has signed an amended complaint on his behalf,[7] his case can proceed. Compare Speed, 2014 WL 4755485 at *3 (plaintiff was directed to file an amended complaint that was personally signed by him or an attorney); see also Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 883 (3d Cir. 1991) (affording father-plaintiff an opportunity to secure an attorney to represent his minor children-plaintiffs).

### D. Defendants' Motion for a More Definite Statement should be granted.

Defendants filed a Motion for a More Definite Statement[8] (Doc. 7). In response, Plaintiff filed a Motion to Amend the Complaint (Doc. 19) that appears to satisfy Defendants' Motion for a More Definite Statement by providing the date of the alleged incident. Therefore, Defendants' Motion for a More Definite Statement (Doc. 7) should be granted.[9]

## III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion to Dismiss for Improper Service (Doc. 7) be DENIED.

---

[7] Leave to file the amended complaint has not yet been granted.

[8] Fed. R. Civ. P. 12(e), Motion for a More Definite Statement:
> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

[9] Plaintiff's Motion to Amend (Doc. 19) has not been referred to the undersigned.

IT IS RECOMMENDED that Defendants' Motion to Dismiss for Improper Venue (Doc. 7) be DENIED.

IT IS RECOMMENDED that Defendants' Motion to Dismiss for Lack of Standing (Doc. 7) be GRANTED as to Williams and DENIED as to Jackson.

IT IS RECOMMENDED that Defendants' Motion to Transfer Venue (Doc. 7) be GRANTED.

IT IS RECOMMENDED that Defendants' Motion for More Definite Statement (Doc. 7) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana on this  2nd  day of January, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge