RECEIVED
FEB - 8 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRACY WILLIAMS, TUTRIX OF AND FOR LADARIAN JACKSON | CIVIL ACTION 1:18-00486 |
| VERSUS | |
| WARE YOUTH CENTER, ET AL. | JUDGE DEE D. DRELL<br>MAG. JUDGE PEREZ-MONTES |

## JUDGMENT

Before the Court is the Report and Recommendation of the Magistrate Judge recommending the defendants' motion to dismiss for insufficiency of service be denied; motion to dismiss for improper venue be denied; motion to dismiss for lack of standing be granted as to Williams and denied as to Jackson; motion to transfer venue be granted; and motion for a more definite statement be granted. (Doc. 23). Having conducted an independent (*de novo*) review of the record, including the objections filed by the Defendant (Doc. 24), the court adopts in part and declines in part the Report and Recommendation (Doc 23) for the following reasons.

The only objection lodged by the defendants with respect to the Report and Recommendation is with respect to the Magistrate Judge's recommendation that the motion to dismiss for lack of standing be granted as to Williams but denied as to Jackson. (Doc. 24). Defendants argue the failure to dismiss the complaint in its entirety is improper as this lawsuit was never properly filed by one with capacity. Accordingly, the original complaint is invalid and cannot be properly amended. We agree.

"Standing is a jurisdictional requirement that focuses on the party seeking to get his complaint before a federal court and not on the issue he wishes to have adjudicated." Penderson

v. La. St. Univ., 213 F.3d 858, 869 (5th Cir.2000). Standing requires the plaintiff: "have an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not "conjectural or hypothetical."'" Lujuan v Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations omitted). If there is no standing, there is no subject matter jurisdiction. We agree with the Magistrate Judge's finding that Williams lacked standing to pursue the claims brought on April 10, 2018. As such, the court never had subject matter jurisdiction during the pendency of this suit.

In addition to a lack of standing, Williams lacked the capacity to file suit on behalf of Jackson as he was a competent major (adult) with the procedural capacity to sue on April 10, 2018. See La.C.C.P. art. 682. Thus, the court lacked jurisdiction over the claims brought on behalf of Jackson. Though she may have regained capacity to sue on Jackson's behalf when the Power of Attorney was executed in November 2018, she failed to take any actions to establish viable claims on behalf of Jackson. Moreover, by November 2018, the one year statute of limitations on Jacksons claims expired.

It is for these reason that the court finds Defendants' motion to dismiss for lack of standing will be GRANTED as to both Williams and Jackson. While the grant of such motion normally results in the dismissal of claims without prejudice, the fact that the statute of limitations has expired on Jackson's claims necessitates the dismissal with prejudice. Based upon these findings, it is

**ORDERED** that defendants' motion to dismiss (Doc. 7) is **GRANTED**; plaintiff's claims are **DISMISSED with prejudice**; and, the motion to amend (Doc. 19) is **DENIED as MOOT**.

SIGNED on this 7th day of February 2019, at Alexandria, Louisiana.

_____
**JUDGE DEE D. DRELL**
**UNITED STATES DISTRICT COURT**

3